UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| CHARLIE TOOMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-180 |
| | ) | |
| MARK RICKETTS, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Charlie Toomer has filed this case alleging that he was "scammed" during an apartment-rental transaction. *See* doc. 1 at 4. The Court granted him leave to proceed *in forma pauperis*. Doc. 5. Since it is clear that the Court lacks jurisdiction over Toomer's claims, his Complaint should be **DISMISSED**. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also* Fed. R. Civ. P. 12(h)(3).

As plaintiff has been granted leave to proceed IFP, the Court must screen the Complaint pursuant to 28 U.S.C. §1915(e). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th

1

Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.* at 678, and the facts offered in support of the claims must rise to a level greater than mere speculation, *Bell Atl. Corp.*, 550 U.S. at 555. Stated otherwise, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Plaintiff's factual allegations are straightforward. He contends that defendant Somanik Jerhada[1] informed him of an apartment for rent in a building in Savannah, Georgia. *See* doc. 1 at 4. Jerhada showed him a particular apartment and he provided a deposit. *Id.* He rented a truck

---

[1] At one point in the Complaint, Toomer refers to "Somanik Jerhad." *See* doc. 1 at 4. Other than that apparent error, her name is consistently spelled "Jerhada." *See id.* at 2,4.

and hired movers. *Id.* After moving his belongings into the unit, he went to Jerhada's office "to sign the lease." *Id.* When he read the lease, the rental amount was different than he expected. *Id.* Since he had already moved his belongings into the unit, and could not afford to move them again, he signed the lease. *Id.* He later discovered that the prior tenant of his unit was paying a considerably lower rent than he was. *Id.* He seeks to recover $3,680.00, which he contends is "the difference (the real rent) in what [he] was paying," and punitive damages of five million dollars. *Id.* at 5.

In addition to Jerhada, Toomer also names Mark Ricketts and Wendy Russell as defendants. *See* doc. 1 at 2-3. Ricketts is identified as "President and Chief Executive Officer," of an unidentified entity with a principal place of business, apparently, in Columbus, Ohio. *Id.* at 2. Russell is identified as an assistant property manager at the location where Toomer rented the apartment. *Compare id.* at 2, *with id.* at 4. Other than listing Ricketts and Russell as defendants they are not mentioned in the Complaint. *See generally* doc. 1. In the absence of any factual allegations implicating them, Toomer has failed to state a claim against either. While his silence might warrant an opportunity to

amend, as discussed below, any such amendment would be futile as the Court lacks subject-matter jurisdiction over this case.

"Federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Plaintiff bears the burden of pleading the grounds on which the Court might assert jurisdiction over the asserted claims. Fed. R. Civ. P. 8(a)(1); *see also Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) ("The party commencing suit in federal court . . . has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."); *Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 777 (11th Cir. 2008) ("The plaintiff[ ], as the party asserting diversity jurisdiction, [has] the burden to 'affirmatively allege facts demonstrating the existence of jurisdiction.'" (quoting *Taylor v. Appelton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Plaintiff has not carried this burden.

The Court's jurisdiction can be established either because the complaint presents a federal question, 28 U.S.C. § 1331, or by the

diversity of the parties, 28 U.S.C. § 1441(b).  Plaintiff has offered no indication as to which type of subject matter jurisdiction he asserts in this case.  *See* doc. 1 at 3.

Federal question jurisdiction exists if a civil action arises "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  When examining assertions of federal question jurisdiction, the Court must rely upon the well-pleaded complaint.  *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908)).  Plaintiff has pointed to no federal statute or Constitutional provision that creates a cause of action in this case.  Even adopting a liberal reading of his Complaint, the Court cannot discern any federal statute that might be invoked by the alleged facts.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers (internal quotations omitted)).  Plaintiff, therefore, has not adequately pleaded federal question jurisdiction.

In the absence of a federal question, the Court's subject-matter jurisdiction might be established from the diversity of the parties.  28

U.S.C. § 1332. In order to establish diversity jurisdiction, a plaintiff must allege that all parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Assuming that Toomer's punitive damages demand is sufficient to satisfy the -amount-in-controversy requirement, *see, e.g., Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (citations omitted) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered, [cit.], unless it is apparent to a legal certainty that such cannot be recovered."), his allegations preclude diversity. Diversity jurisdiction requires that "no defendant . . . be a citizen of the same state as any plaintiff." *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) (citing, *inter alia*, 28 U.S.C. § 1332). Plaintiff alleges that two of the three defendants, including the only defendant against whom specific facts are alleged, are, like Toomer, Georgia residents. *See* doc. 1 at 2-3. His allegations are, therefore, positively inconsistent with diversity jurisdiction.

Because Toomer has failed to plead any basis for this Court's jurisdiction, his Complaint should be **DISMISSED**. *See* Fed. R. Civ. P. 12(h)(3) ('If the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action."). Since Toomer's allegations regarding his rental transaction do not plausibly implicate any federal law and his allegations are affirmatively inconsistent with diversity jurisdiction, any attempt to amend his Complaint would be futile. *See Jenkins v. Minton*, 2020 WL 975021, at \*2 (S.D. Ga. Jan. 9, 2020) (citing *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015)) ("A *pro se* plaintiff is generally granted at least one opportunity to amend a complaint."); *Sifford v. Ford*, 701 F. App'x 794, 796 (11th Cir. 2017) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)) ("However, a district court need not allow even a *pro se* plaintiff leave to amend where amendment would be futile."). [2]

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to

---

[2] Despite the lack of any apparent basis for viable amendment, plaintiff's opportunity to object to this Report and Recommendation within fourteen days of service, *see infra*, affords him an opportunity to resuscitate his case. He may also submit an Amended Complaint during that period, if he believes it would cure the legal defects discussed above. *See Willis v. Darden*, 2012 WL 170163, at \*2 n.3 (S.D. Ga. Jan. 19, 2012) (citing *Smith v. Stanley*, 2011 WL 1114503, at \* 1 (W.D. Mich. Jan. 19, 2011)).

Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 21st day of April, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA